IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANDRE D. LEFFEBRE | § | |
| VS. | § | CIVIL ACTION NO. 1:23-cv-51 |
| MR. GUTIERREZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Andre D. Leffebre, a prisoner confined at the United States Penitentiary located in Beaumont, Texas, proceeding *pro se*, brings this lawsuit against prison officials.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Parties instituting any civil action, suit or proceeding are required to pay a filing fee of $402.00. The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay the full filing fee. When insufficient funds exist to pay the full fee at the time of filing, a prisoner may request to proceed *in forma pauperis* and is required to pay an initial partial filing fee of twenty percent of the greater of the average monthly balance or deposits into the prisoner's account. After payment of the initial partial filing fee, twenty percent of each preceding month's income will be deducted from Plaintiff's inmate account monthly until the full filing fee is paid.

Plaintiff failed to pay the $402.00 filing fee at the time he submitted his Complaint. The undersigned therefore interprets Plaintiff's failure to pay the filing fee as a request to proceed *in forma pauperis* in this action.

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints.  Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has filed at least four prior lawsuits or appeals that have been dismissed as frivolous or for failure to state a claim.  *See Leffebre v. Fed. Corp. United States*, No. 07-41184, 2008 WL 793778 (5th Cir. Mar. 24, 2008) (dismissing appeal as frivolous and finding Plaintiff had three additional strikes preventing him from proceeding *in forma pauperis* in future actions).  Accordingly, § 1915(g) applies to this action.

Plaintiff complains he has been denied due process, discriminated against, and denied use of the administrative remedy process.  Additionally, Plaintiff asserts a myriad of complaints about the conditions of his confinement including the alleged denial of education programs, the denial of special purpose orders, and the denial of coffee and health food items.  Further, plaintiff complains of alleged poor air circulation at the unit. The allegations set forth in Plaintiff's Complaint do not demonstrate that he was in imminent danger of serious physical injury at the time he filed his complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Section 1915(g) therefore bars Plaintiff from proceeding further with this lawsuit on an *in forma pauperis* basis.

## Recommendation

The above-styled civil action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 7th day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE